PRESLEY DUNLAP, Respondent, v. CHARLES KELSEY and others, Appellants.

The plaintiff purchased at Sheriff's sale, under forclosure of a mortgage, property for twenty dollars, which was shown to be worth three thousand. with a rental of fifty dollars per month. The defendant purchased the property under another mortgage sale for two thousand dollars, and the plaintiff being in possession filed his bill to cancel defendant's deed, and remove the cloud from his title, *held*, that to entitle a party to this relief, it must appear that the contract was fair, just and reasonable. and founded upon an adequate consideration; as a Court of Chancery will not use its powers to complete a speculation which is already too fortunate to obtain its favorable regard.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The facts appear in the opinion of the Court.

*McKune & Robinson*, for Appellants.

*Edwards & English*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. BRYAN, J., concurred.

The complainant was a purchaser at Sheriff's sale under a mortgage foreclosure, and claims to have the legal title to the property in dispute. He gave the sum of twenty dollars for it, and it is shown by the record to have been worth three thousand dollars, and producing a rental of fifty dollars per month.

The defendant was also a purchaser at Sheriff's sale of the same premises under a foreclosure of a prior, but unregistered, mortgage; and paid for the property the sum of two thousand dollars.

The complainant files his bill to remove the cloud upon his title produced by the sale to the defendants, and at the same time alleges that he (the complainant) is in possession and enjoyment of the property.

This is a very singular application to be made to a Court of Equity, and must be denied upon the same doctrine which governs the Court in cases brought for specific performance. In such cases the familiar rule is, that to entitle the party applying for a specific performance, to a favorable decree, it must appear that the contract was fair, just and

reasonable, and founded upon an adequate consideration. Otherwise the relief sought will be denied. The Court in so doing does not undertake to deprive the party of the benefits of his contract, nor would it in the many given cases rescind the contract, or attempt any modification of its terms, however unequal and harsh. It simply refuses its aid as a Court of conscience, to add to the fortune of a party who has already in a moral point of view succeeded too well in the particular transaction which is disclosed. It leaves him to his remedy at law, and there it will not interfere with or disturb him; but it will not permit its powers to be invoked to complete a speculation which is already too fortunate to obtain its favorable regard.

Judgment reversed and bill dismissed.

MURRAY, C. J.—I dissent from the foregoing opinion, as I do not think the rule applies to Sheriffs' sales.